Entered: September 21st, 2026

Signed: September 21st, 2026

**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | |
|---|---|
| In re:<br><br>STEPHANIE MANN,<br><br>Debtor. | Case Number: 25-12826-MCR<br>(Chapter 13) |

MEMORANDUM OPINION IN SUPPORT OF
ORDER SUSTAINING OBJECTION TO CLAIM

Before the Court is an Objection to Proof of Claim Number 14 filed by JPMorgan Chase Bank, N.A. [ECF No. 36] (the "Claim Objection") filed by the debtor, Stephanie Mann (the "Debtor"), and an Amended Response to Debtor's Objection to Claim [ECF No. 48] (the "Claimant's Response") filed by JPMorgan Chase Bank, N.A. (the "Claimant"). The Court has considered the Claim Objection, the Claimant's Response, and applicable law and finds that a hearing would not aid the decisional process. *See* Md. L. Bankr. R. 9013-1(b) ("Except as otherwise provided in the Bankruptcy Code, the Federal Bankruptcy Rules, these Rules or by the Court, the Court may decide a motion on the papers filed."). Moreover, the parties agreed on the record at the status conference held on July 28, 2026, that no discovery or hearing is necessary. *See*

proceeding memorandum [ECF No. 49] (confirming the parties agreed that no discovery is needed, no material facts are in dispute, and an evidentiary hearing on the claim objection is not needed).

For the reasons set forth herein, the Court will sustain the Claim Objection and disallow the claim of JPMorgan Chase Bank, N.A. in the amount of $28,360.90 [Claim No. 14-1] in its entirety.

I. BACKGROUND

On April 2, 2025, the Debtor commenced the above-captioned proceeding with the filing of a Chapter 13 voluntary petition [ECF No. 1]. The Debtor's Schedule D [ECF No. 1] lists a claim held by Chase Auto Finance in the amount of $40,891, secured by a 2016 Range Rover SVR (the "Vehicle") for an "automobile loan."

On June 20, 2025, the Claimant filed a Motion for Relief from Automatic Stay on 2016 Land Rover Range Rover [ECF No. 18] (the "Lift Stay Motion"). In the Lift Stay Motion, the Claimant asserts that the Debtor had failed to make post-petition payments owed to the Claimant and sought relief from the automatic stay to enforce its rights in the Vehicle. On August 15, 2025, after the Debtor failed to respond to the Lift Stay Motion, the Court entered an Order Granting Relief from Automatic Stay on 2016 Land Rover Range Rover [ECF No. 23] (the "Lift Stay Order"), which modified the automatic stay to the extent necessary to allow the Claimant to enforce its rights as to the Vehicle.

On November 17, 2025, the Debtor filed a Fourth Amended Chapter 13 Plan [ECF No. 32] (the "Plan"), which provides in pertinent part that the Debtor will surrender the Vehicle to the Claimant and treats any deficiency claim as a general unsecured claim. On December 16, 2025, the Court entered an Order Confirming Plan [ECF No. 33] (the "Confirmation Order"), which confirmed the Plan.

The claims bar date in this case for non-governmental entities was June 11, 2025 (the "Claims Bar Date"). On November 19, 2025 – more than five months after the Claims Bar Date – the Claimant filed Claim Number 14-1 (the "Proof of Claim"), which asserts a general unsecured claim in the amount of $28,360.90 (the "Claim") for "money loaned." The Proof of Claim attaches a copy of a retail installment contract for the Vehicle between the Debtor and CarMax Auto Superstores, Inc. and an assignment of the installment contract to the Claimant.

It is clear that the Claimant repossessed and sold the Vehicle after entry of the Lift Stay Order. Although not expressly addressed by either party, the relative timeline can be discerned from the pleadings. In the Lift Stay Motion filed on June 20, 2025, the Claimant alleged that the Debtor was in possession of the Vehicle, that the payoff of the loan as of April 28, 2025 was $41,436.00, and that the Claimant was a secured creditor. Moreover, the Lift Stay Motion requested termination of the automatic stay to allow the Claimant to exercise all of its rights and remedies against the Vehicle including "repossession or replevy and sale of the Vehicle." Lift Stay Motion at ¶ 12. In the Claim filed approximately five months after the Lift Stay Motion, the Claimant asserted a general unsecured claim for $28,360.90. The decrease in the amount alleged to be owed coupled with the change in the designation of the claim from secured to unsecured confirms that the repossession must have occurred sometime after the Claimant filed the Lift Stay Motion and before the Claimant filed the Proof of Claim. Thus, the Claim is a general unsecured claim representing the deficiency arising from the repossession and sale of the Vehicle.

On February 25, 2026, the Debtor filed the Claim Objection, asserting that the Claimant failed to timely file the Proof of Claim and that the Claim must therefore be disallowed. On March 27, 2026, the Claimant filed a placeholder response to the Claim Objection [ECF No. 40], and on July 27, 2026, the Claimant filed an amended response to the Claim Objection (defined

herein as the Claimant's Response). In the Claimant's Response, the Claimant argues that the Claim was timely filed because (i) the Claim arises from a judgment as described in Bankruptcy Rule 3002(c)(3), (ii) the filing of the Claim was merely a perfecting amendment of an informal proof of claim, *i.e.*, the Claimant's Lift Stay Motion, and (iii) the Debtor's acknowledgement of the Claim in her Schedule D should be deemed an uncontested admission of the Claim.

## II. LEGAL STANDARD

Bankruptcy Rule 3002 governs the filing of proofs of claim in a bankruptcy case. With few exceptions, "a proof of claim is timely filed if it is filed not later than 70 days after the order for relief or entry of an order converting the case to Chapter 12 or 13." Fed. R. Bankr. P. 3002(c). "Unlike a chapter 11 case, in which courts have discretion under the general cause and excusable neglect standards of Bankruptcy Rule 9006(b), Bankruptcy Rule 3002(c) expressly states the situations in which courts may extend a deadline to file proofs of claim in a chapter 7, 12, or 13 case." *Brenner's Restoration, Inc. v. Somerville (In re Somerville)*, 605 B.R. 700, 704-705 (Bankr. D. Md. 2019) (Harner, J.) (citing *In re Dozier*, No. 05-17911, 2010 WL 4810829 (Bankr. E.D. Tenn. Nov. 19, 2010)). The list of exceptions set forth in Bankruptcy Rule 3002(c) is definitive and "without a catch-all or similar discretionary category." *Somerville*, 605 B.R. at 705. Bankruptcy Rule 9006(b), which governs extensions of time, provides in part that "[t]he court may extend the time to act under … [Bankruptcy Rule 3002(c)] – but only as permitted by [that rule]." Fed. R. Bankr. P. 9006(b)(3). Thus, unless a creditor falls within one of the exceptions contained in Bankruptcy Rule 3002(c), a court lacks authority to allow a late-filed claim in Chapter 13 cases. *See, e.g., In re Stewart*, 247 B.R. 515, 519-20 (Bankr. M.D. Fla. 2000) ("A bankruptcy court does not have the discretion to allow late filed claims in a Chapter 13 case.").

The Claimant argues that the exception in Bankruptcy Rule 3002(c)(3) applies here:

> This paragraph (3) applies if an unsecured claim arises in favor of an entity or becomes allowable because of a judgment to recover money or property from that entity or a judgment that denies or avoids the entity's interest in property. The claim may be filed within 30 days after the judgment becomes final. But the claim must not be allowed if the judgment imposes a liability that is not satisfied – or a duty that is not performed – within the 30 days or any additional time set by the court.

Fed. R. Bankr. P. 3002(c)(3).

Bankruptcy Rule 3002(c)(3) is intended to permit an originally secured creditor whose security interest is avoided to file an unsecured proof of claim. *See* 9A Collier on Bankruptcy ¶ 3002.03 (16th ed. 2026) ("[Bankruptcy Rule 3002(c)(3)] applies when an entity has been required to turn over property to the trustee and the turnover results in the losing party having an unsecured claim against the estate, for example, with the recovery of a preference under section 547 of the Code.") (citing 1983 Advisory Committee Note to Bankruptcy Rule 3002). In other words:

> Rule 3002(c)(3) applies only to creditors whose claims arise as a result of a recovery by the bankruptcy trustee. That is, a creditor has a claim against the bankruptcy estate when the bankruptcy trustee has obtained a judgment against the creditor either requiring the creditor to turn over any money or property of the bankruptcy estate in its possession or avoiding the creditor's interest in money or property as a preferential transfer or fraudulent conveyance.

*Green v. Brotman Med. Ctr., Inc. (In re Brotman Med. Ctr., Inc.)*, No. CC-08-1056-DKMo, 2008 WL 8444797 at *4 (B.A.P. 9th Cir. Aug. 15, 2008) (internal citations omitted).

Bankruptcy Rule 3002(c)(3) applies when the claim arises as a result of a judgment. *In re Campanile*, Case No. 17-24902, 2019 WL 968095 at *3-4 (Bankr. D.N.J. Feb. 25, 2019). For example, in *Campanile*, the court refused to permit a creditor to file a claim after the bar date pursuant to Bankruptcy Rule 3002(c)(3) when the claim was based on a deficiency judgment on a second lien on real property. *Id.* The court explained:

> [The] claim does not "arise" from any deficiency judgment, but instead from the note signed by the Debtor, therefore, its claim

> existed as of the Petition Date. Moreover, the deficiency judgment would not be "a judgment against [the claimant]," and it would neither avoid an interest held by [the claimant], nor recover property from [the claimant]. In short, a deficiency judgment does not qualify as a "judgment" allowing a late claim under Rule 3002(c)(3).
>
> Further, [the claimant's] interpretation of Rule 3002(c)(3) would create a loophole for any creditor, secured or unsecured, which failed to file a timely proof of claim. For example, under [the claimant's] theory, a creditor with an unsecured breach of contract claim against a debtor could ignore the deadline for filing proofs of claim in a case, seek stay relief to initiate an action against the debtor for breach of contract, and then return with a judgment entitling it to file a late proof of claim under Rule 3002(c)(3). As noted above, this was not the intent of Rule 3002(c)(3), and it does not fit under either the plain language Rule 3002(c)(3), nor the caselaw applying that Rule.

*Id.* at *4 (internal citations omitted).

The threshold requirement for application of the rule is that the unsecured claim must arise or become allowable because of a judgment that avoids the claimant's interest in property and/or results in recovery of money or property by the bankruptcy estate. The scope of Bankruptcy Rule 3002(c)(3) is limited and the rule will apply only under this narrow set of circumstances. *See In re Bender Ready Mix, Inc.*, 226 B.R. 337, 339 (Bankr. W.D.N.Y. 1998) (describing the "limited scope" of Bankruptcy Rule 3002(c)(3)).

III. <u>ANALYSIS</u>

The Claimant concedes that it filed the Proof of Claim after the Claims Bar Date but argues that (i) the Claim arises from a judgment as described in Bankruptcy Rule 3002(c)(3), (ii) the filing of the Claim was merely a perfecting amendment of an informal proof of claim, *i.e.*, the Claimant's Lift Stay Motion, and (iii) the Debtor's acknowledgement of the Claim in her Schedule D should be deemed an uncontested admission of the Claim. The Claimant's arguments fail.

A. The Claimant did not timely file the Proof of Claim under Bankruptcy Rule 3002(c), Local Bankruptcy Rules 3002-1(b) and 4001-3(b), or the Debtor's Confirmed Plan.

The Claimant argues that the Claim is an "unsecured claim that arises from a judgment" and, therefore, it had until 30 days after the judgment became final to file its Proof of Claim pursuant to Bankruptcy Rule 3002(c)(3). The Claimant offers two potential "judgments" from which the Claim could have arisen. Initially, the Claimant argues that its Claim arises from the Confirmation Order entered on December 16, 2025, and thus the Claimant had 30 days from that date (*i.e.*, until January 15, 2026) to file the Proof of Claim. In the alternative, the Claimant argues that the Claim arises from the Lift Stay Order entered on August 15, 2025, and thus the Claimant had 30 days from that date (*i.e.*, until September 14, 2025) to file the Proof of Claim. Although the Claimant filed the Proof of Claim on November 19, 2025 – more than two months after the 30-day deadline under the Claimant's alternative theory – the Claimant argues that the Proof of Claim would nonetheless be timely because the filing of the Lift Stay Motion constituted an "informal proof of claim" and the filing of the Proof of Claim constituted a perfecting amendment.

Neither of the proposed "judgments" brings the Claim within the scope of Bankruptcy Rule 3002(c)(3). As discussed earlier, the purpose of the rule is to permit a creditor to file a proof of claim following a judgment avoiding its interest in property and/or requiring turnover of property to the estate. 9A Collier on Bankruptcy ¶ 3002.03 (16th ed. 2026); *Brotman Med. Ctr.,* 2008 WL 8444797 at *4. In this case, the two purported judgments cited by the Claimant – the Confirmation Order and the Lift Stay Order – are not within the scope of the rule because neither was a judgment against the Claimant resulting from avoidance of the Claimant's interest in property (such as avoidance of a fraudulent conveyance or preferential transfer) or from turnover of property. Instead, the Claim originates from the assignment of a retail installment contract to the Claimant. As described in *Campanile*, the liquidation of a deficiency claim does not qualify as a "judgment"

allowing a late-filed claim under Bankruptcy Rule 3002(c)(3). *Campanile*, 2019 WL 968095 at *4. To allow a late-filed claim in the circumstances presented here would turn the rule on its head. Simply put, allowing the Proof of Claim to be filed after the Claims Bar Date in this instance does not comport with the purpose of Bankruptcy Rule 3002(c)(3).

Notably, the Court's local rules contemplate the very situation presented here. Local Bankruptcy Rule 4001-3(b) provides that "[a]ny proof of claim relating to a claim arising after the foreclosure, repossession, or surrender of real or personal property must be filed in accordance with Local Bankruptcy Rule 3002-1." Md. L. Bankr. R. 4001-3(b). Local Bankruptcy Rule 3002-1(b) provides in relevant part:

> Unless otherwise ordered by the Court or provided in a confirmed plan … an amended proof of claim asserting an unsecured deficiency claim for personal property must be filed within sixty (60) days after entry of the order granting relief from the automatic stay or surrender of the property by the debtor or the trustee, whichever is earlier. Absent compliance with this Rule, any unsecured deficiency claim arising under this paragraph will be deemed disallowed unless the Court orders otherwise.

Md. L. Bankr. R. 3002-1(b).

This local rule mandates that the Claim be disallowed. The rule required the Claimant to file an "amended proof of claim" after repossession of the Vehicle, which presupposes that the Claimant timely filed an original proof of claim. The rule also required the Claimant to file the amended proof of claim within 60 days of entry of the Lift Stay Order or surrender of the Vehicle, whichever was earlier. The local rule does not apply here because the Claimant did not timely file an original proof of claim, and even if the local rule did apply, the Claimant did not file its Proof of Claim by the deadline prescribed by the rule. As stated above, based on the allegations of the Lift Stay Motion, the Claimant must have repossessed and sold the Vehicle after entry of the Lift Stay Order. The date on which the Debtor surrendered the vehicle is unclear. But regardless of

whether the operative date is 60 days from the Court's entry of the August 15, 2025 Lift Stay Order or 60 days from the unknown date of the Debtor's surrender of the Vehicle, the deadline is calculated from the earlier date and could not have been later than October 14, 2025 (60 days after entry of the Lift Stay Order). Therefore, the Proof of Claim filed on November 19, 2025, was not timely filed under Local Bankruptcy Rule 3002-1(b).

The Debtor's confirmed Plan similarly requires disallowance of the Claim. Section 4.6.4. of the Plan states in pertinent part:

> The debtor will surrender collateral to the lienholder [identifying the Vehicle]. … Unless the Court orders otherwise, a claimant may amend a timely filed proof of claim for an unsecured deficiency after entry of the confirmation order as follows: … the amended proof of claim asserting an unsecured deficiency claim for personal property shall be filed within 60 days (no less than 60 days) after entry of the confirmation order.

Debtor's Plan [ECF No. 32] at § 4.6.4. Again, the deadline set forth in the Plan is premised on the filing of a "timely filed proof of claim." The Proof of Claim at issue was neither timely filed under applicable rules (as discussed above) nor an amendment filed within 60 days after entry of the order confirming the Plan.

B. <u>The Claimant's Lift Stay Motion does not constitute an informal proof of claim</u>.

The Claimant makes a secondary argument that the Lift Stay Motion constituted an informal proof of claim and that the subsequent filing of the Proof of Claim constituted a perfecting amendment. The Claimant's contention is defied by the well-established law on the informal proof of claim doctrine.

Although Bankruptcy Rule 3002(c) imposes strict rules on the time to file a proof of claim, a creditor's failure to timely file a proof of claim is not necessarily fatal to the allowance of the claim. A court may nonetheless allow an untimely-filed claim if the creditor has made an informal claim before the bar date that provides sufficient notice of the claim to the debtor. *See Hardgrave*

*v. La Rock (In re Hardgrave)*, No. 94-4832, 1995 WL 371462 at *2 (4th Cir. June 21, 1995) ("[I]f a creditor has made an informal claim during the filing period, then a late proof of claim may be treated as a perfecting amendment of the informal claim."); *Davis v. Columbia Constr. Co., Inc. (In re Davis)*, 936 F.2d 771, 775-776 (4th Cir. 1991) ("[A] creditor may file an amended claim after the deadline has passed provided that 'sufficient notice of the claim has been given in the course of the bankruptcy proceeding.'" (quoting *Fyne v. Atlas Supply Co.*, 245 F.2d 107, 107 (4th Cir. 1945)); *Uwimana v. Gov't of Rwanda (In re Uwimana)*, 284 B.R. 218, 220 (D. Md. 2002) ("The informal proof of claim doctrine is a common law equitable doctrine that allows a variety of writings to qualify as a proof of claim under the Code, even if they were not originally intended as such.").

Bankruptcy courts recognize the informal proof of claim doctrine to avoid an inequitable result. As stated by the United States Court of Appeals for the Sixth Circuit:

> The intent of the informal Proof of Claim concept is to alleviate problems with form over substance; that is, equitably preventing the potentially devastating effect of the failure of a creditor to formally comply with the requirements of the Code in the filing of a Proof of Claim, when, in fact, pleadings filed by the party asserting the claim during the claims filing period in a bankruptcy case puts all parties on sufficient notice that a claim is asserted by a particular creditor.

*Barlow v. M.J. Waterman & Assoc., Inc. (In re M.J. Waterman & Assoc., Inc.)*, 227 F.3d 604, 609 (6th Cir 2000) (quoting *In re WPRV–TV, Inc.*, 102 B.R. 234, 238 (Bankr. E.D. Okla. 1989)). Active participation by the creditor prior to the bar date – as opposed to mere knowledge of the claim – is required to provide sufficient notice of an alleged informal proof of claim. *Davis*, 936 F.2d at 776; *Hardgrave*, 1995 WL 371462 at *3. For example, courts have recognized a creditor's actions as constituting an informal proof of claim when the creditor's efforts increased the value of the estate or when the creditor's action to enforce a claim resulted in commencement of the bankruptcy proceeding. *See, e.g., Id.* (holding that it would be "manifestly unfair" to disallow the creditor's claim when the creditor "actively participated" in the bankruptcy proceeding, his efforts increased

the amount of money available for distribution to creditors, and the debtor filed for bankruptcy as a result of the creditor's judgment); *Dabney v. Addison*, 65 B.R. 348, 352 (E.D. Va. 1985) (recognizing a creditor's informal proof of claim where the creditor attended the first creditors' meeting, filed objections to the debtors' claimed exemptions, and initiated an adversary proceeding against the debtors); *Scottsville Nat'l Bank v. Gilmer (In re Pitts)*, 37 F.2d 227, 228 (4th Cir. 1930) (recognizing a creditor's informal proof of claim where "through the effort of the [creditor] the value of the bankrupt's estate increased by at least 50 per cent [sic]."); *Fyne v. Atlas Supply Co.*, 245 F.2d 107, 108 (4th Cir. 1945) (recognizing creditor's informal proof of claim where the bankruptcy was based on the creditor's attempts to enforce the claim and the creditor had participated in the first meeting of creditors). Finally, when "deciding whether to allow an informal claim, courts also have considered any potential adverse impact on the debtor, other creditors, the trustee, or even the public." *Hardgrave*, 1995 WL 371462 at *3.

In this case, the Claimant's filing of the Lift Stay Motion does not constitute an informal proof of claim. The primary defect in the Claimant's argument is timing: the Claimant did not file the Lift Stay Motion until June 20, 2025, nine days after the Claims Bar Date had passed. Because the Claimant did not file the Lift Stay Motion within the period prescribed by Bankruptcy Rule 3002(c), the Claimant cannot assert that it had a timely, informal proof of claim and that the untimely-filed Proof of Claim constituted a perfecting amendment.[1] Moreover, with the exception of filing the Lift Stay Motion, the Claimant has not been an active participant in the Debtor's case, the Claimant's actions have not increased the distribution available for creditors, and the Claimant cannot be said to have provided sufficient notice of an informal claim prior to the Claims Bar Date.

[1] The Court does not opine on whether the filing of a lift stay motion may constitute an informal proof of claim. Such conclusion can be reached only after a fact-intensive analysis, including (among other things) a review of the extent to which the lift stay movant participated in the case.

C. The Debtor's identification of the Claim in her schedules does not excuse the late filing.

The Claimant's third and final argument is that the Debtor's acknowledgement of the Claimant's interest in the Vehicle in her Schedule D constitutes an admission of the Claim before the bar date to file protective claims under Bankruptcy Rule 3004. This argument similarly fails.

The fact that the Debtor listed Claimant's interest in the Vehicle on Schedule D does not constitute sufficient notice to permit a late-filed claim or recognize an informal proof of claim. As stated by the United States Court of Appeals for the Fourth Circuit in *Davis*, "[m]ere knowledge of the claim on the part of the Trustee [or debtor] is not sufficient notice to permit an amended claim, nor is the listing of the claim in the debtor's schedule." *Davis*, 936 F.2d at 776. *See also* Fed. R. Bankr. P. 3002(a) ("every creditor must file a proof of claim … for the claim … to be allowed."). Further, the Claimant's argument that the Debtor could have filed a protective proof of claim under Bankruptcy Rule 3004 is not relevant to whether the Claimant timely filed the Proof of Claim here. The Debtor did not file a protective proof of claim related to the Claimant's interest in the Vehicle, and nothing in Bankruptcy Rule 3004 allows the Court to overlook the untimeliness of the Proof of Claim here. *In re Stewart*, 247 B.R. 515, 519-20 (Bankr. M.D. Fla. 2000) (maintaining that a bankruptcy court does not have discretion to allow late-filed claims in a Chapter 13 case).

IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Claimant did not timely file the Proof of Claim under Bankruptcy Rule 3002(c). The Court will sustain the Claim Objection, disallow the Claim in its entirety, and enter an order consistent with this Memorandum Opinion.

cc: Debtor – Stephanie Mann
Debtor's Counsel – Nicole Novak and Jeffrey Sirody
Claimant – JPMorgan Chase Bank, N.A.
Claimant's Counsel – Chaitanya Gopal
Chapter 13 Trustee – Timothy P. Branigan

**END OF MEMORANDUM**